UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 0:12-cv-01871-RHK-FLN

| | |
|---|---|
| Emily Beougher,<br><br>　　　　　Plaintiff,<br>v.<br><br>TRS Recovery Services, Inc.,<br><br>　　　　　Defendant. | **AMENDED<br>COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

# JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims and the TCPA claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.  Injunctive relief is available pursuant to the TCPA.

2. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. Section 227 *et seq*. and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Emily Beougher (hereinafter "Plaintiff") is a natural person who resides in the City of Bloomington, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5. Defendant TRS Recovery Services, Inc., (hereinafter "Defendant TRS") is a collection agency operating from a corporate office address of 5251 Westheimer Road, Houston, TX 77056, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. For several months, up to and including between August 13, 2011, and October 7, 2011, Defendant TRS repeatedly contacted Plaintiff in an attempt to collect a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. For several months, up to and including between August 13, 2011, and October 7, 2011, Defendant TRS and the collectors employed by Defendant TRS repeatedly and willfully contacted Plaintiff on her cellular telephone in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

## *Telephone Consumer Protection Act*

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(39).

9. At all times relevant to this complaint, the Defendant TRS has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(16) that originated, routed, and/or terminated telecommunications.

10. The Defendant TRS at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. § 153(50).

11. The Defendant TRS at all times relevant to the complaint herein engages in "interstate communication" by the TCPA 47 U.S.C. § 153(28).

12. At all times relevant to this complaint, the Defendant TRS has used, controlled, and/or operated "wire communication" as defined by the TCPA 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, the Defendant TRS has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls*

14. Within one year immediately preceding the filing of this lawsuit, Defendant TRS telephoned the Plaintiff's cellular phone on numerous occasions and left pre-recorded messages on the Plaintiff's answering service and in violation of the TCPA.

15. Defendant TRS and its collectors repeatedly called Plaintiff on her cell phone using an automatic telephone dialing system and left her voice mails on her cell phone in an attempt to collect this debt.

16. On many of these calls, Plaintiff would hear a robotic voice only on the call.

17. On some of these calls, Plaintiff heard a message from Defendant TRS telling her to return the call and leaving a reference toll free number.

18. At other times, there was a long pause and a live operator eventually got on the telephone and asked to speak to a person named "Laura Haynard."

19. Plaintiff received at least 72 (seventy-two) of these auto-dialed calls from Defendant TRS.

### *Cease and Desist Request Ignored*

20. On or before September 13, 2011, Plaintiff answered the call and told Defendant TRS that they had the wrong number, that she had no idea what they were talking about, and instructed them to stop calling.

21. Despite this warning, Defendant TRS has continued to call using an automated computerized dialer and a pre-recorded and/or synthesized voice to leave her messages.

22. These communications from Defendant TRS to Plaintiff, sent in willful violation of the TCPA, also failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11).

23. These repeated autodialed collection calls were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(3), 1692c(a)(1), 1692d, 1692d(5), 1692d(6), 1692e, 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others, as well as violations of the TCPA.

### *Summary*

24. All of the above-described collection communications made to Plaintiff by Defendant TRS and other collection employees employed by Defendant TRS, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of her privacy by the use of repeated calls.

### **TRIAL BY JURY**

25. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

# CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendant TRS and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

28. As a result of Defendant TRS's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant TRS herein.

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. Section 227 et seq.

29. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Within the one year period immediately preceding this action, the Defendant TRS made numerous calls to the Plaintiff's cellular telephone service using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

31. The acts and or omissions of Defendant TRS at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant TRS at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

33. Defendant TRS did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

34. Defendant TRS made such calls willfully, and in direct contradiction to the Plaintiff's demand to cease and desist attempting to stop calling her cellular telephone.

35. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

36. Defendant TRS willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

37. Plaintiff is entitled to injunctive relief prohibiting Defendant TRS from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

40. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions"

including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

41. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt from the wrong person, after being told to stop, and thereby invaded Plaintiff's privacy.

42. Defendant and its agents intentionally and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

43. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs.

44. The conduct of Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

45. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant TRS as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant TRS and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant TRS and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant TRS and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. Section 227 et seq.

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. Section 227(b)(3)(B) against Defendant TRS and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. Section 227(b)(3) against Defendant TRS and for Plaintiff;

- for an injunction prohibiting Defendant TRS from contacting the Plaintiff on her cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- for an award of actual damages from Defendant TRS for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 22, 2012         **BARRY, SLADE & WHEATON, LLC**

By:  **s/Peter F. Barry**

           Peter F. Barry, Esq.  
           Attorney I.D.#0266577  
           2701 University Ave. SE, Suite 209  
           Minneapolis, Minnesota 55414-3236  
           Telephone:  (612) 379-8800  
           Facsimile: (612) 379-8810  
           pbarry@lawpoint.com  

pfb/ra           **Attorney for Plaintiff**